UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAURIE BORDOCK, ) | |
| ) | |
| Plaintiff, ) | No. 3:13-cv-00043 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| DOLLAR GENERAL, INC., ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

The plaintiff, a resident of Sallisaw, Oklahoma, brings this *pro se* and *in forma pauperis* action against Dollar General, Inc. for "civil rights violations." (Docket No. 1 at p. 1). The plaintiff seeks $500 million in damages. (Docket No. 1 at p. 3).

### I. Required Review

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.*

### II. Facts Alleged in the Complaint

The complaint alleges that employees of Dollar General stores in the following cities and states have banned the plaintiff from shopping in their stores: Sallisaw, Oklahoma; Hollisler, Missouri; Marshall, Arkansas; and Eureka Springs, Arkansas. (Docket No. 1 at p. 2). The complaint alleges that the plaintiff has been banned "for no reason" because the employees are "criminal." (*Id.* at pp. 1, 3).

### III. Analysis

1

The plaintiff alleges that the defendant's actions have violated her "civil rights" by prohibiting her from shopping in certain Dollar General stores. The plaintiff does not allege that this prohibition is related in any way to her gender or race. The plaintiff cites no federal statute or constitutional provision for her claims.

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The complaint does not provide any information about "Dollar General, Inc.," the named defendant in this case. There are no allegations in the complaint that the defendant is a state actor or a person acting under color of state law.[1]

In order to hold a private entity liable under § 1983 the plaintiff must show that the entity's conduct is fairly attributable to the state, that is, that the conduct is or was "state action." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (holding that conduct which satisfies "state action" requirement of fourteenth amendment also satisfies "under color of state law" requirement

---

[1] According to Dollar General's website: "Goodlettsville, Tenn.-based Dollar General Corporation is the nation's largest small-box discount retailer. We make shopping for everyday needs simpler and hassle-free by offering a carefully edited assortment of the most popular brands at low everyday prices in small, convenient locations." www.dollargeneral.com/About-Us (Jan. 23, 2013).

2

of § 1983). To determine whether a private actor's conduct constitutes "state action," there must be "a sufficiently close nexus" between the actor's conduct and the state to warrant attribution of that conduct to the state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Such a nexus has been found to exist where the private actor has exercised powers "traditionally the exclusive prerogative of the state," *Jackson*, 419 U.S. at 353, or where the state has exerted coercive power or "significant encouragement" with regard to the particular challenged private conduct. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citations omitted).

Here, there is no basis for finding that Dollar General's alleged actions have any connection to any state government or action. Consequently, the plaintiff cannot establish the required elements of a civil rights action under § 1983.

Although it is unclear, it appears that the plaintiff may be asking the court to initiate criminal charges against the defendant. However, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010)(quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). In addition, as a private citizen, Bordock "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Therefore, to the extent that the complaint petitions the court to initiate federal criminal prosecutions of the defendant, the complaint fails to state claims upon which relief can be granted.

**IV. Conclusion**

For the reasons explained herein, the court finds that the complaint fails to state claims upon

3

which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915(e)(2).   Likewise, the court cannot initiate criminal prosecutions against the defendant.  Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge

4